# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00018-CR

**Lamont Hankins, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 3031360, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## O P I N I O N

Appellant Lamont Hankins was convicted of aggravated assault with a deadly weapon, specifically a hot iron or knife, and sentenced to eight years' imprisonment. *See* Tex. Pen. Code Ann. § 22.01 (West 2004). The trial court admitted evidence of appellant's prior felony conviction of manufacture and delivery of cannabis from 1989. Appellant complains that evidence of the 1989 prior conviction was improperly admitted and claims that the admission affected his substantial rights. He also complains of the erroneous inclusion of "scissors" as a weapon listed in the judgment. We sustain appellant's first issue but find the error harmless, modify the judgment to conform to the verdict of the jury and affirm the judgment as modified.

## DISCUSSION

**Prior Conviction**

Appellant complains in his first point of error that the trial court improperly admitted evidence of his 1989 felony conviction for manufacture and distribution of cannabis. *See* Tex. R. Evid. 609.[1] Appellant argues that his prior conviction did not meet the requirements for admission of pre-rules common law, or alternatively of the rules of evidence. *See id.* Appellant claims that the error, under either analysis, affected his substantial rights and that he was harmed.

Before the codification of the rules of evidence, common law presumed prior, "remote" convictions were inadmissible for impeachment purposes. *McClendon v. State*, 509 S.W.2d 851, 853-54 (Tex. Crim. App. 1974) (generally, conviction is remote if discharge from conviction occurred more than ten years before trial). An exception to the common-law rule allowed the trial court the discretion to admit a remote conviction if the witness demonstrated a lack of

---

[1] Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to a party.

(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Tex. R. Evid. 609.

2

reformation by committing a subsequent conviction for a felony or a misdemeanor involving moral turpitude. *Lucas v. State*, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989). This exception is sometimes referred to as the "tacking" doctrine. *See Hernandez v. State*, 976 S.W.2d 753, 755-56 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). If a court finds that the conviction is more than 10 years old but that subsequent convictions of felonies or misdemeanors involving moral turpitude remove the taint of its distance, the "outweighs" standard from Rule 609(a), rather than the "substantially outweighs" standard from 609(b), is appropriate. *Id.* In such a case, the "tacking" of the intervening convictions "causes a conviction older than 10 years to be treated as not remote." *Id.* (citing *McClendon*, 509 S.W.2d at 853-54; *Crisp v. State*, 470 S.W.2d 58, 59-60 (Tex. Crim. App. 1971)).

The rules of evidence subsequently displaced this common-law rule and its accompanying exception by setting explicit standards for the admission of prior convictions for impeachment purposes. *See* Tex. R. Evid. 609. Rule 609(a) establishes the general rule requiring that a proof of conviction shall only be admitted if (1) it was a felony or involved moral turpitude and (2) the probative value of admitting the conviction *outweighs* its prejudicial effect to a party. Tex. R. Evid. 609(a). Rule 609(b), however, applies a more rigorous standard to convictions more than ten years old. To admit these convictions, a court must find that "the probative value of the conviction supported by specific facts and circumstances *substantially outweighs* its prejudicial effect." Tex. R. Evid. 609(b) (emphasis added).

Some courts have imported the pre-rules exception from *McClendon* and apply it in conjunction with Rule 609. *See Jackson v. State*, 50 S.W.3d 579, 591-592 (Tex. App.—Fort Worth 2001, pet. ref'd); *Rodriguez v. State*, 31 S.W.3d 359, 363-64 (Tex. App.—San Antonio 2000, pet. ref'd). These courts conclude that a trial court has the discretion to ignore the fact that a prior

conviction is more than ten years old if the defendant demonstrates lack of reformation in the form of intervening convictions. Under this reasoning, the court will subject the prior conviction to the lower "outweighs" standard found in Rule 609(a) rather than the "substantially outweighs" standard of Rule 609(b) upon a finding that the defendant was again convicted after the prior conviction. *Jackson*, 50 S.W.3d at 591-92; *Rodriguez* 31 S.W.3d at 363-64.

However, we do not find that the current rules tolerate this exception or that the tacking doctrine was intended to survive the creation of the rules. Unlike the exception, Rule 609 creates two distinct categories of prior convictions—those more than ten years old and those less than ten years old. *See* Tex. R. Evid. 609. Rule 609 does not include a third category of prior convictions codifying the *McClendon* exception. *Id*. We will apply the general requirements in Rule 609(a) as well as the standard from Rule 609(b), which prohibits admission for impeachment purposes of all prior convictions more than ten years old absent a showing that "the probative value of the conviction . . . substantially outweighs its prejudicial effect." Tex. R. Evid. 609(b).

We review the admission of appellant's 1989 conviction and will only reverse upon a finding of clear abuse of discretion. *See Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). The trial court abuses its discretion if its decision to admit a prior conviction lies "outside the zone of reasonable disagreement." *Id.*

The trial court in the present case did not articulate a balancing of factors and seems to have applied the "tacking" doctrine drawn from common law rather than Rule 609. *See Hernandez*, 976 S.W.2d at 755-56. Although a trial court is not required to articulate in the record a balancing analysis conducted under Rule 609, such a policy is good practice.

4

The 1989 felony drug conviction satisfied the general requirement in Rule 609(a) that a prior conviction be either a felony or crime of moral turpitude to be admissible. Rule 609(b) further governed the admissibility of the 1989 conviction because it was more than ten years old at the time of the trial. *See* Tex. R. Evid. 609(b). Thus, we next consider whether a court could have concluded within the "zone of reasonable disagreement" that the probative value of the prior conviction supported by facts and circumstances *substantially outweighed* its prejudicial effect of the prior conviction. *See Theus*, 845 S.W.2d at 881.

Courts consider various factors when balancing the probative value and prejudicial effect of a prior conviction. The court of criminal appeals has identified the following non-exclusive factors to be considered under Rule 609: (1) impeachment value; (2) temporal proximity of the prior conviction to the charged offense and subsequent history; (3) similarity of the prior conviction to the charged offense; (4) importance of the witness's testimony; and (5) importance of the witness's credibility. *Id.* at 880. We consider these factors to determine whether the trial court's decision to admit the prior conviction fell within the "zone of reasonable disagreement." *Id.*

The State offered no specific facts or circumstances beyond the date and the type of crime to justify the admission of the conviction. Thus, we are forced to rely on the bare facts of the prior conviction in our analysis. Appellant's 1989 drug conviction was not shown to involve a crime of deception,[2] was temporally distant from the charged offense, and was successfully discharged

---

[2] Determining whether or not a drug crime constituted a crime of deception typically depends on the facts and circumstances of the offense. Because no specific facts and circumstances are available in the record, we will assume that the prior drug offense was not a crime of deception.

5

through probation. These facts lead to the conclusion that the conviction offered minimal probative value.[3]  *See Theus*, 845 S.W.2d at 880.

The State presented no argument regarding the probative value of the prior conviction despite having the burden to do so, and simply justified the admittance of the 1989 conviction by arguing a lack of reformation as indicated by assault convictions from 2002 and 2003. A lack of reformation does not necessarily lead to a conclusion that the probative value of a prior conviction substantially outweighs its prejudicial effect, but it may be considered within the balancing process of Rule 609. *See Theus*, 845 S.W.2d at 881. The appellant's later convictions for assault could increase the probative value of the prior conviction as it may suggest lack of reformation. However, the more than ten-year gap between the 1989 drug conviction and the later convictions diminishes the probative value of the prior conviction.

The importance of appellant's credibility adds probative value. The defense asserted that appellant was not involved in the charged assault and that the charges were entirely fabricated, primarily offering appellant's testimony to support this theory. The State asserted that appellant did commit the assault and offered the testimony of the victim and two police officers. The importance of appellant's credibility gave rise to the State's interest in impeaching him. However, although the importance of appellant's credibility weighs in favor of admission of the prior conviction, the other factors offer only minimal indication of probative value. We cannot find facts or circumstances suggesting that the probative value of the prior conviction *substantially outweighed* its prejudicial

---

[3] The trial court did not describe any balancing analysis that it might have utilized in deciding to admit the prior conviction. When discussing the prior conviction at sentencing, however, the court commented, "I think the probative value is so slight that it's hardly worth considering."

6

effect, nor can we conclude that it was "within the zone of reasonableness" to find that the importance of impeaching appellant *substantially outweighed* the prejudicial effect of the evidence.

The record, including the trial court's comment at sentencing that the prior conviction lacked probative value, leads us to believe that even if the court had engaged in the correct analysis under Rule 609, the State's burden was not met. We hold that the trial court erred in admitting the 1989 drug conviction into evidence. We next consider whether this error was harmful.

**Harmless Error**

Appellant claims that the erroneous admission of his 1989 conviction affected his substantial rights, arguing that the introduction of such evidence could have motivated the jury to convict him based on the prior drug felony rather than the charged offense of assault. We hold that the error is harmless.

A violation of the rules of evidence is generally non-constitutional error. *See Potier v. State*, 68 S.W.3d 657, 662-63 (Tex. Crim. App. 2002) ("Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense."). Thus, in accordance with the rules of appellate procedure, we will reverse only if the erroneous admission of appellant's prior conviction affected his substantial rights by exerting "a substantial and injurious effect or influence in determining the jury's verdict." Tex. R. App. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The error is harmless if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (citing *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)). To analyze harm, we consider the

7

entire record, including testimony, physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error, the State's theory, the defensive theory, and closing arguments. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2001).

The State claimed that appellant arrived at the victim's home and assaulted her with both an iron and a knife, then demanded her keys and stole her vehicle. Testimony from the victim, two police officers and others supported this theory. The State also introduced physical evidence, including photographs of the scene and the victim's burn injury on her face.

The defense theorized that the victim was a jealous and hurt ex-girlfriend seeking to punish her ex-boyfriend by sending him to jail. Basing its case on belittling the victim's credibility, the defense attempted to impeach her by offering testimony from the 911 operator, appellant, and appellant's wife. Appellant testified that the victim had called him at Wal-Mart and informed him that she had called the police and that they were coming to arrest him. He claims that she met him at Wal-Mart and offered her car as a means of escape.

During cross-examination of appellant, the State referred briefly to his 1989 drug conviction[4] as well as his 2002 and 2003 convictions for assault. The State did not emphasize the

---

[4]  STATE:        On May 23rd, 1989, in cause number 89CR0235101 in the circuit court of Cook County, you were found guilty of delivery of marijuana, more than 30 grams and less than 500 grams, and that was a felony; is that correct?

APPELLANT: Yes.

. . .

STATE:        And you were sentenced to a 30-month probation, a felony – you had a felony conviction for that; is that correct?

APPELLANT: Yes

1989 conviction or attempt to develop its probative value, but simply asked whether appellant had been convicted of the drug felony without inquiring about the details of the offense. The State also mentioned the 1989 conviction in closing arguments to remind the jury to question appellant's credibility.[5]

The defense did not object to the admission of the 2002 and 2003 assault convictions. *See Theus*, 845 S.W.2d at 881 ("admission for impeachment purposes of a crime similar to the crime charged presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense"). The prior drug conviction not only lacks similarity to the charged assault but also occurred fifteen years before the trial. Considering the nature of the evidence supporting the verdict, we conclude that the two brief references to the 1989 conviction could not have caused more than a slight influence on the jury in light of the other, more prejudicial evidence against the appellant. The trial court's erroneous admission of the 1989 conviction was therefore harmless. We overrule appellant's first point of error.

**Modification**

In his second point of error, appellant alleges that the trial court erred in reciting in the judgment that scissors were used as a deadly weapon. He asks that "scissors" be stricken from the judgment.[6]

---

[5] STATE: The defendant, how credible is he? He's been convicted of a felony, delivery of marijuana . . . .

[6] Appellant does not challenge the remainder of the judgment that appellant was guilty of assault with a deadly weapon; he merely asks that we correct the erroneous term, "scissors."

The indictment charges appellant with aggravated assault with a deadly weapon in the form of a hot iron and a knife. The jury's verdict found appellant guilty of "aggravated assault with a deadly weapon" and further found that appellant "did use or exhibit a deadly weapon, to wit: a hot iron or a knife during the commission of the offense." There is no evidence or finding that appellant used scissors in the commission of the offense.

This Court may modify the trial court's judgment and affirm it as modified. Tex. R. App. Proc. Rule 43.2(b). Appellant's second point of error is sustained, and the judgment is modified to delete any reference to "scissors" as a deadly weapon. The judgment should reflect the jury's verdict that in committing aggravated assault with a deadly weapon, appellant used or exhibited a hot iron or a knife.

## CONCLUSION

We cannot conclude within the zone of reasonableness that the probative value of appellant's 1989 drug conviction substantially outweighed its prejudicial effect, but find that the error was harmless. We order that the judgment be modified to conform to the jury's verdict and affirm the judgment as modified.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed: August 10, 2005

Publish

10