In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00254-CR
______________________________


KYNARD DEWAYNE HOBBS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court No. F04-54135-TS


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            In February 2005, Kynard Dewayne Hobbs pled guilty to the State's charges of arson with
intent  to  damage  or  destroy  a  habitation,  a  first-degree  felony.  See  Tex.  Pen.  Code  Ann.
§ 28.02(d)(2) (Vernon Supp. 2005). The trial court placed Hobbs on deferred adjudication
community supervision for five years and assessed a fine of $2,500.00. On August 12, 2005, the
State moved to proceed with an adjudication of guilt, alleging that Hobbs violated several of the
conditions of his community supervision. 
            Hobbs pled not true to the State's allegations. The State presented evidence concerning the
various violations of the terms of community supervision. Hobbs testified in his own defense and
denied most of the allegations. He admitted to possessing a double-edged dagger, but claimed that
he used it in connection with his occupation for cutting weed-eater twine. At the close of evidence,
the trial court determined the evidence presented substantiated a finding of true to the State's
allegations and found Hobbs guilty of arson. 
            Hobbs did not present evidence at the punishment phase. The trial court orally pronounced
punishment at forty years' confinement. In its written judgment, the trial court also assessed a fine
of $1,325.00, a fine that, by all accounts, was not included in the trial court's oral pronouncement. 
            In his sole issue on appeal, Hobbs contends the trial court's imposition of a fine in its written
judgment is improper since the trial court did not include such fine in its oral pronouncement. The
State concedes this issue, and we agree.
            The trial court is required to pronounce the sentence imposed in open court and in the
presence of the defendant. See Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2005). 
Where there is a variation between the oral pronouncement and the written judgment, the oral
pronouncement controls. See Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); Abron
v. State, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). The written judgment's
imposition of a fine is, therefore, invalid since no fine was orally pronounced against Hobbs.



            Hobbs asks this Court to reform the judgment to delete the fine imposed. When an error can
be corrected by modifying a judgment, we may modify a trial court's judgment and affirm the
judgment as modified. See Tex. R. App. P. 43.2(b); Hankins v. State, 180 S.W.3d 177, 183 (Tex.
App.—Austin 2005, pet. ref'd).
 
 
 
 
            We, therefore, delete the imposition of the $1,325.00 fine from the trial court's written
judgment adjudicating guilt and affirm the judgment as modified. 
 
                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          March 15, 200
Date Decided:             April 26, 2006

Do Not Publish



M>, 701 S.W.2d at 241-42. As a result, the trial
court did not commit error by admitting the testimony.

IV. 

Conclusion

 Based on the foregoing, we affirm the trial court's judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 6, 2002

Date Decided: November 1, 2002


Do Not Publish
1. Allegedly, Larry instructed a friend that, in the event of his death, Carolyn was to retrieve
certain documents from his home, including the alleged 1998 will, and deliver them to his sister and
the attorney.