MEMORANDUM OPINION[1]
LEE GABRIEL, Justice.
Introduction
Appellant Marcos Antonio Celis appeals his conviction for aggravated kidnapping. We affirm.
Background Facts and Procedural History
Sherry Maldonado testified at Appellant’s trial that she had a couple of vodka drinks before she started driving Valeria Torres and Valeria’s boyfriend, Appellant, to the hospital to visit Valeria’s brother. According to Sherry, Appellant — who was in the backseat with a sawed-off shotgun— ordered her to drive elsewhere, assaulted her when she refused, threatened to kill her, forced her car into “park” while she was driving at high speed, and discharged the shotgun through the windshield after she jumped out of the car.
Valeria testified that she had asked Sherry for a ride to the hospital because she was sick. She testified that Appellant was also sick and that he rode in Sherry’s car in the back seat on the passenger side. Appellant told Sherry to drive to East Side, but Sherry refused. When Sherry turned into her driveway, Appellant threatened and hit her with the shotgun. Valeria also testified that Appellant and Sherry struggled, that Sherry lost control of the wheel, and that Valeria pulled the car over and put it in “park.” She said that the gun discharged as Sherry and Appellant fought for it, putting a hole through the windshield. Valeria admitted that she had pled guilty to kidnapping Sherry.
Appellant denied that he kidnapped Sherry but admitted that he repeatedly struck her with his fist and the shotgun. He claimed he had to in order to avoid imminent harm because she was drunk, would not stop at the hospital, and was driving wildly and erratically. According to Appellant, he had to fight with Sherry to escape from the car that she was driving dangerously.
*694 Sherry admitted that she had a drinking problem, had been drinking her whole life, still drank regularly, preferred vodka— which she bought by the half-gallon and kept on hand at home or in her car — and that she had a history of criminal convictions for DWI. Appellant had judgments admitted documenting prior DWIs Sherry committed going back to 1998.
The jury convicted Appellant of aggravated kidnapping, enhanced by a prior felony conviction, and assessed his punishment at twenty-five years’ confinement. The trial court sentenced him accordingly.
The Issues
In two points, Appellant contends that by prohibiting him from impeaching Sherry with evidence that she had seven prior felony convictions and two probation revocations the trial court abused its discretion under rule 609 of the Texas Rules of Evidence and denied him his due process, confrontation, and cross-examination rights under the Sixth and Fourteenth Amendments.
The record shows that Appellant offered the following defense' exhibits in evidence:
Defense Exhibit 1: a judgment revoking probation imposed for an August 21, 1982 DWI, showing as grounds for the revocation a felony DWI repetition committed on February 24,1988;
Defense Exhibit 2: a nunc pro tunc order dated August 9, 1988, indicating that Appellant was serving a prison sentence after having probation revoked as shown in Defense Exhibit 1;
Defense Exhibit 3: a judgment on a guilty plea for a DWI committed on February 24,1988;
Defense Exhibit 4: a judgment on a guilty plea ordering probation for a DWI committed on March 30,1990;
Defense Exhibit 5: a judgment revoking the probation shown in Defense Exhibit 4 for a subsequent DWI committed on August 4,1991;
Defense Exhibit 6: a judgment on a guilty plea imposing a two-year prison term for the August 4,1991 DWI;
Defense Exhibit 7: a judgment on a guilty plea imposing a three-year prison term for a DWI committed on October 30,1992;
Defense Exhibit 8: a judgment on a guilty plea imposing a four-year prison term for a DWI committed on March 12, 1994;
Defense Exhibit 9: a judgment on a guilty plea ordering ten years’ community supervision for a DWI committed on February 2,1998;
Defense Exhibit 10: a judgment on a nolo contendere plea ordering five years’ community supervision for possession of cocaine committed on February 2, 1998;
Defense Exhibit 11: a judgment revoking the community supervision shown in Defense Exhibit 10 for a subsequent DWI committed on March 31, 2002;
Defense Exhibit 12: a judgment on a guilty plea ordering 83 days in jail for the DWI committed on March 31, 2002;
Defense Exhibit 13: a judgment revoking community supervision shown in Defense Exhibit 9 for the March 31, 2002 DWI shown in Defense Exhibits 11 and 12.
The trial court admitted exhibits 11 through 13 but excluded exhibits 1 through 10, finding that their probative value did not outweigh their potential for prejudicial effect. At trial and in his first point on appeal, Appellant relies on rule of evidence 609 to assert that the trial court abused its discretion by excluding these exhibits.
*695 The Trial Court Properly Excluded Remote Prior Convictions
Rule 609 provides that evidence of prior crimes may be admitted against a witness only if the crime was a “felony or involved moral turpitude” and if not “more than [a period of] ten years has elapsed since the date of the conviction or of the release of the witness.” Before the evidence may come in, its proponent must show the trial court that the probative value of the prior conviction “outweighs its prejudicial effect.” Theus v. State, 845 S.W.2d 874, 880 (Tex.Crim.App.1992); see Tex.R. Evid. 609(a).
The trial court determined that Defense Exhibits 1 through 10 were too remote and that their probative value would not outweigh their potential for prejudice. The trial court did, however, admit Defense Exhibits 11, 12, and 13. Appellant complained that by excluding the other exhibits the trial court denied his client “an opportunity to present a defense.”
To the extent that Appellant’s points concern the exclusion of Defense Exhibit No. 3 — a judgment of misdemean- or DWI repetition — we overrule both points because DWI is not a crime of moral turpitude. See Shipman v. State, 604 S.W.2d 182, 184 (Tex.Crim.App.1980).
As to the other exhibits that the trial court excluded, this court has recognized the court of criminal appeals’ exception to rule 609’s prohibition of remote convictions when an intervening conviction shows that the convicted person has not reformed the behavior that led to the prior convictions. See Jackson v. State, 50 S.W.3d 579, 591 (Tex.App.-Fort Worth 2001, pet. ref'd) (citing McClendon v. State, 509 S.W.2d 851, 855-57 (Tex.Crim.App.1974) (op. on reh’g)). But even under this exception, sometimes called the “tacking” doctrine, a trial court must determine whether the probative value of the convictions outweighs their prejudicial effect. Hankins v. State, 180 S.W.3d 177, 179 (Tex.App.-Austin 2005, pet. ref'd); see Jackson, 50 S.W.3d at 592. Here, because the trial court determined that the exhibits’ probative value did not outweigh then-potential for prejudice, we need not determine whether the tacking doctrine applies. What we do need to determine, however, is whether the record supports the trial court’s determination that the exhibits’ probative value did not outweigh any prejudicial effect.
In conducting a balancing test to determine whether the probative value of a defendant’s prior convictions outweighs their prejudicial effect, the court of criminal appeals set out a list of nonexclusive factors in Theus, 845 S.W.2d at 880. Adapting these factors to prior convictions of a witness, we will consider (1) the prior convictions’ impeachment value; (2) then-temporal proximity to the incident at issue in the trial; (3) the similarity between the prior offenses and the present incident; (4) the importance of the complainant’s testimony; and (5) the importance of the credibility issue. See id.; see Jackson, 50 S.W.3d at 592.

Impeachment Value

In Theus, the court of criminal appeals stated that “when a party seeks to impeach a witness with evidence of a crime that relates more to deception than not, the first factor weighs in favor of admission.” Theus, 845 S.W.2d at 881. We agree with the State that DWI is not a crime of deception, so its impeachment value is low. The impeachment value of judgments showing a history of DWI convictions would be higher in this case if Sherry had denied that she had such a history, or if she had denied that she had been drinking. But although Appellant *696 claims in his brief that Sherry denied that she was intoxicated, our review of the record, particularly in the places cited by Appellant, does not support this claim.[2] Because DWI is not a crime of deception and because Sherry admitted she had a drinking problem that included a long history of DWI convictions, we hold that this factor weighs against admission.

Temporal Proximity

The court documents that Appellant complains the trial court erred by excluding date from the eighties and nineties. But as the State points out, the trial court admitted the more recent convictions. Moreover, Sherry admitted to a lifetime of drinking and to having a problem with it. We agree with the State that the temporal proximity factor weighs against admitting the more remote judgments.

Similarity

Evidence that Sherry had prior convictions for DWI is similar to Appellant’s claim that she was drinking while driving during the incident at issue in his trial. The court of criminal appeals weighs this factor against admission due to the potential that the remote DWIs could be considered more to prove a pattern of conduct than for impeachment purposes. See id. (citing United States v. Jackson, 627 F.2d 1198, 1210 (D.C.Cir.1980); United States v. Hayes, 553 F.2d 824, 828 (2d Cir.), cert. denied, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977)).

Importance of the Witness’s Testimony and Credibility

Sherry testified that Appellant ordered her to drive to specific locations and threatened her with a shotgun. Appellant admitted striking Sherry with his fist and with the shotgun but denied kidnapping her. Had he and Sherry been the only eyewitnesses, Sherry’s testimony and credibility would have been more important. But the importance of her testimony and credibility were mitigated because Valeria, Appellant’s girlfriend at the time of the offense, corroborated Sherry’s testimony that Appellant ordered her at gunpoint to drive as he directed, and although she agreed with him that Sherry was drunk and driving a little over the speed limit, she did not feel that the driving was dangerous enough to ask to be let out.

Application of the Five Factors

In reviewing the trial court’s weighing of these factors and its ruling on the admissibility of a prior conviction, “we must accord the trial court “wide discretion.’” Theus, 845 S.W.2d at 881 (citing United States v. Oaxaca, 569 F.2d 518, 526 (9th Cir.), cert. denied, 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978)).
In Theus, the court of criminal appeals held that the trial court abused its discretion by admitting a prior conviction when its lack of impeachment value overrode the other factors. Id. at 882. Here, as in Theus, we have held that Sherry’s excluded prior convictions lack impeachment value. In addition, we have held that the temporal proximity and similarity factors weigh against admission. Weighing all these factors, we hold that the trial court acted within its discretion by excluding the exhibits. See id. Accordingly, we overrule the remainder of Appellant’s first point.
Constitutional Claims
In his second point, Appellant contends that the trial court denied him his due *697 process and confrontation rights by limiting cross-examination of Sherry regarding her prior felony convictions. The State contends that Appellant’s argument on appeal does not comport with his complaint at trial.
Appellant argued below that excluding the impeachment evidence to show the jury the full extent of Sherry’s prior convictions prevented him from presenting a defense. Here, he argues that he was improperly denied his right to full cross-examination to reveal the full extent of Sherry’s previous convictions and her motive to lie.
The constitutional right to present a defense includes the right to compulsory process and the rights to confront and cross-examine witnesses. See Holmes v. State, 323 S.W.3d 163, 173 (Tex.Crim.App.2009) (op. on reh’g) (citing Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006)). Because the right to present a defense is a composite of several rights, Appellant’s trial objection could have more precisely alerted the trial court to the complaint he now presents on appeal. Nevertheless, we shall assume without deciding that the objection sufficiently encompassed the claims he now raises on appeal, that is, that he was denied his constitutional right to confront and cross-examine his accuser. Whether or not Appellant sufficiently preserved his claim, we need not address the merits because even if we were to hold that the claim was preserved and that the trial court erred by excluding evidence of the complainant’s thirty-year history of DWI, the other evidence admitted at trial would compel us to hold that beyond a reasonable doubt the trial court’s ruling did not affect the verdict.
Sherry’s drinking was no secret to the jury. The State mentioned it in its opening statement. The trial court allowed Appellant to present to the jury judgments showing that she had prior DWI convictions for offenses going back to February 1998. Defense Exhibit 13 shows that Sherry was put on probation for a DWI-repetition offense committed on February 2, 1998. Defense Exhibit 11 shows that she also possessed cocaine on that date. Defense Exhibits 11 and 12 both show that Sherry had violated the terms of her probation by committing another DWI on March 31, 2002, which she pled guilty to. Further, after Sherry admitted that she had a drinking problem and a history of DWI convictions, Appellant had the opportunity to cross-examine her regarding that impeachment evidence. Consequently, after carefully reviewing the record and performing the required harm analysis under rule 44.2(a), we hold that beyond a reasonable doubt the trial courts error, if any, did not contribute to Appellants conviction or punishment. See Tex.R.App. P. 44.2(a). We therefore overrule the remainder of Appellant’s second point.
Conclusion
Having overruled Appellant’s two points, we affirm the trial court’s judgment.
DAUPHINOT, J., filed a dissenting opinion.

. See Tex.R.App. P. 47.4.

. An officer that Sherry ran up to after she got out of the car testified that Sherry was panicked, scared, and crying, but that she did not appear intoxicated.