**Affirmed and Majority and Concurring Opinions filed August 13, 2013.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00388-CR

---

**ERNEST LEYBA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1287731**

---

## CONCURRING OPINION

The majority correctly concludes that the tacking doctrine did not survive the adoption of rules of evidence in criminal cases because this doctrine is contrary to the unambiguous language of Texas Rule of Evidence 609. But, in surveying the law before deciding whether this court should apply the doctrine, the majority considers unpublished opinions from this court and others. This practice is improper and imprudent. It violates the prohibition against treating unpublished cases as having precedential value. And, it does not support the majority's analysis.

*The court should not count unpublished opinions in surveying the law.*

Research has not revealed any precedent of this court addressing the issue of whether the tacking doctrine survived the adoption of rules of evidence in criminal cases. Three sister courts of appeals have held that it did and one sister court has held that it did not.[1] In surveying the law before analyzing this issue, the majority cites unpublished opinions from three other sister courts and states that these courts followed the tacking doctrine.[2] The majority also cites unpublished opinions from this court and likewise states that this court has applied the tacking doctrine.[3] Because these unpublished opinions have no precedential value, the courts that issued them did not take a position on the tacking doctrine.[4] This court should not cite or count these unpublished opinions in surveying the law on this issue.[5]

By including non-precedential opinions in its analysis the majority effectively treats them as if they were precedent and thus contravenes the prohibition set forth in the Texas Rules of Appellate Procedure.[6] In citing and counting these opinions in its survey of the law, the majority notes and considers that the Fifth, Seventh, and Thirteenth Courts of Appeals have followed the tacking doctrine, thus improperly attributing these unpublished opinions to the issuing

---

[1] *Compare Jackson v. State*, 50 S.W.3d 579, 591–92 (Tex. App.—Fort Worth 2001, pet. ref'd); *Rodriguez v. State*, 31 S.W.3d 359, 363 (Tex. App.—San Antonio 2000, pet. ref'd); *and Hernandez v. State*, 976 S.W.2d 753, 755–56 (Tex. App.—Houston [1st Dist.] 1998, no pet.), *with Hankins v. State,* 180 S.W.3d 177, 180 (Tex. App.—Austin 2005, pet. ref'd).

[2] *See ante* at p. 6 & n.2.

[3] *See id.*

[4] *See* Tex. R. App. P. 47.7 & 2008 cmt.; *Scillitani v. State*, 343 S.W.3d 914, 919 n.3 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (noting that an opinion not designated for publication does not have any precedential value).

[5] *See* Tex. R. App. P. 47.7 & 2008 cmt.; *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (en banc); *Scillitani*, 343 S.W.3d at 919 n.3.

[6] *See* Tex. R. App. P. 47.7 & 2008 cmt.

2

courts and giving the opinions precedential effect.

Surveying the legal landscape in deciding whether our court should embrace a given legal doctrine can be a helpful and informative exercise. But, the majority's survey is comprised of opinions that are not of equal dignity because some are published and some are not. The published opinions are precedential; the unpublished ones are not.[7] Published opinions are intended to be binding on the issuing court; unpublished ones are not.[8] If our sister courts in Dallas, Amarillo, and Corpus Christi had wanted to decide whether they should follow the tacking doctrine, they would have created precedent by designating their opinions for publication, but they chose not to do so. These courts have no precedent on the issue.

In conducting its analysis, the majority effectively asks how Texas courts of appeals have treated the tacking doctrine and answers the question by noting which courts have addressed it and whether they embraced it or rejected it in the cases cited. As reflected in the majority's survey of published and unpublished opinions,[9] seven of the eight courts of appeals that have addressed the doctrine have embraced it and only one of that number (Third Court of Appeals) has rejected it; the real tally is that three courts (First, Second, and Fourth) have adopted the doctrine and, as of today, two (Third and Fourteenth) have rejected it. Contrary to the majority's depiction, today's decision to reject the tacking doctrine marks a near-even (3-2) split among the courts. Yet, it is not the score, but the treatment that matters.

By extending the inquiry from precedent to the sphere of unpublished

---

[7] *See* Tex. R. App. P. 47.7 & 2008 cmt.; *Scillitani*, 343 S.W.3d at 919 n.3.

[8] *See* Tex. R. App. P. 47.7 & 2008 cmt.; *Hogan*, 85 F.3d at 1118; *Scillitani*, 343 S.W.3d at 919 n.3.

[9] *See ante* at p. 6 & n.2.

opinions a court can make a majority rule look like an aberration. Used in this way, unpublished opinions can take on unmerited significance in a court's legal analysis. If the majority is going to survey cases, it should include only the published ones. Indeed, the courts that issued the unpublished opinions did so with the legitimate expectation that those opinions would not be treated as that court's precedent.[10] Because that is the rule, courts reasonably expect other courts to follow it. And, they should.

The majority includes nine unpublished opinions in its analysis, parroting the rule against treating unpublished opinions as precedent even while treading on it. Unpublished opinions should play no role in this court's decisional process. The United States Court of Appeals for the Fourth Circuit, sitting en banc, has held that unpublished opinions that have no precedential value should not be considered at all in determining what a reasonable jurist would consider the law to be.[11] Including unpublished opinions in the analysis while noting they lack precedential value is something akin to Winnie the Pooh defending his partaking of forbidden honey by saying, "*I'm not eating it, I'm only tasting it.*"[12]

If the unpublished opinions lack precedential value, what is the point of citing them or discussing them or counting them in the survey? The majority does not say. Whatever the majority's motivation, the fact remains that including unpublished opinions accords them some degree of precedential weight, even if the court adds the perfunctory statement that the unpublished opinions lack precedential value.

---

[10] *See* Tex. R. App. P. 47.7 & 2008 cmt.

[11] *See Hogan*, 85 F.3d at 1115–18.

[12] WINNIE THE POOH AND THE HONEY TREE (The Walt Disney Company 1966) (emphasis added).

4

***Bad process sets bad precedent.***

Treating unpublished opinions as precedential may seem a trivial thing to some, but process matters in making legal determinations. Bad process sets bad precedent. Like a virus, it infects the jurisprudence in subtle and seemingly inconsequential ways at first, but, over time, the infection grows and spreads, leaving long lasting effects and sometimes permanent damage.

Aside from violating the rule, including unpublished opinions in a survey of case law raises consistency and efficiency issues similar to those noted by Justice Antonin Scalia in the legislative-history context.[13] If this court includes unpublished opinions in its survey of the law today, fairness and consistency would demand that this court do the same in all future surveys of the law.[14] But, that would result in a significant burden on scarce judicial resources.[15] Thus, in addition to being improper and unnecessary,[16] the inclusion of unpublished opinions in a survey of the case law raises genuine concerns about consistency and efficiency that advise against the practice.

Though some may question the soundness of the rule that unpublished opinions lack precedential value, there should be no question as to whether this court should follow that rule. Because our state prohibits treating unpublished opinions as having precedential value, this court ought not engage in the practice.

---

[13] *See Conroy v. Aniskoff*, 507 U.S. 511, 518–28, 113 S. Ct. 1562, 1567–72, 123 L.Ed.2d 229 (1993) (Scalia, J., concurring in the judgment); *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 621, 111 S. Ct. 2476, 2490, 115 L.Ed.2d 532 (1991) (Scalia, J., concurring in the judgment).

[14] *See Conroy*, 507 U.S. at 518–28, 113 S. Ct. at 1567–72; *Wisconsin Pub. Intervenor*, 501 U.S. at 621, 111 S. Ct. at 2490.

[15] *See Conroy*, 507 U.S. at 518–28, 113 S. Ct. at 1567–72.

[16] In the case under review, this practice does not even support the majority's analysis.

For these reasons, I respectfully decline to join the majority opinion, but I concur in the court's judgment.


/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, Brown, and Donovan.  (Brown, J., majority).

Publish — TEX. R. APP. P. 47.2(b).