**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

1/14/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00257-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/14/2015 4:14:15 PM
DORIAN RAMIREZ
CLERK

13-14-00257-CR

IN THE COURT OF APPEALS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/14/2015 4:14:15 PM
DORIAN E. RAMIREZ
Clerk

FOR THE THIRTEENTH JUDICIAL DISTRICT

CORPUS CHRISTI, TEXAS

_____

RUBEN ANDRES BALDEZ,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

_____

ON APPEAL FROM COUNTY COURT AT LAW NO. 2

OF VICTORIA COUNTY, TEXAS

CAUSE NUMBER: 2-102358
_____

BRIEF FOR THE APPELLANT
RUBEN ANDRES BALDEZ

_____

EDWARD F. SHAUGHNESSY, III
ATTORNEY-AT-LAW
206 E. LOCUST
SAN ANTONIO, TEXAS 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

ORAL ARGUMENT WAIVED          ATTORNEY FOR THE APPELLANT

# TABLE OF CONTENTS

PAGE(S)

Table of Contents............................................................................................i

Table of Interested Parties.............................................................................ii

Table of Authorities.......................................................................................iii

Brief for the Appellant...................................................................................4

Summary of the Argument.............................................................................5

Appellant's Point of Error.............................................................................6

Conclusion and Prayer.................................................................................10

Certificate of Service...................................................................................11

Certificate of Compliance............................................................................11

# TABLE OF INTERESTED PARTIES

Ms. Timothy Poynter            State's Trial Counsel
Assistant District Attorney
205 N. Bridge Street
Floresville, Texas 77901

Mr. Edward Bartolomei            Trial Counsel
Attorney at Law
420 Baltimore
San Antonio, Texas 78215

Honorable Daniel F. Gilliam            Trial Court Judge
Judge Presiding
County Court at Law No. 2
Victoria County, Texas

Edward F. Shaughnessy, III            Appellant's Counsel
Attorney at Law
206 E. Locust Street
San Antonio, Texas 78212
(210) 212-6700
Bar No: 18134500

Stephen B. Tyler            Appellee's Counsel
District Attorney
205 N. Bridge St.
Victoria, Texas 77901

# TABLE OF AUTHORITIES

PAGE

STATE CASE(S)

*Hankins v. State, 180 S.W.3d 177 (Tex. App.-Austin, 2005, pet. ref'd)*.................9

*Hernandez v. State, 976 S.W.3d 753 (Tex. App. –Houston [1st Dist.], 1998, pet. ref'd)*.................................................................................................9

*Martinez v. State, 327 S.W.3d 727 (Tex. Crim. App. 2010)*....................................8

*Taylor v. State, 268 S.W.3d 571 (Tex. Crim. App. 2008)*.......................................8

*Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992)*......................................8,9

RULE(S)

*Rule 609, Tex. R. Evid*.................................................................................passim

*Sect. 12.44(a), Tex. Penal Code Ann. (West 2014)*...............................................7

| | | |
|---|---|---|
| RUEBN ANDRES BALDEZ, Appellant | § | IN THE COURT OF |
| | § | APPEALS, THIRTEENTH |
| v. | § | JUDICIAL DISTRICT |
| THE STATE OF TEXAS, Appellee | § | CORPUS CHRISTI, TEXAS |

BRIEF FOR THE APPELLANT
RUBEN ANDRES BALDEZ

To the Honorable Thirteenth Court of Appeals:

Now comes, Ruben Andres Baldez, appellant in the case herein, by and through Edward F. Shaughnessy, III, and Attorney-at-Law, and files this brief in cause number 13-14-00257-CR. The appellant was charged by way of an information with the offense of Driving While Intoxicated in cause number 2-102358. Following a jury trial in County Court at Law No. 2, Victoria County the appellant was found guilty of the offense as charged in the information. The trial Court assessed punishment at one (1) year of confinement in the Victoria County Jail. Notice of appeal was filed and this appeal, alleging a single point of error, has followed.

## SUMMARY OF THE ARGUMENT
## ON BEHALF OF THE APPELLANT

The appellant contends that the trial Court erred in admitting evidence of the appellant's prior criminal conviction in violation of Rule 609(a) of the Texas Rules of Evidence. The evidence presented to the jury was improperly admitted because the proponent of the evidence failed to demonstrate that the probative value of the evidence in dispute outweighed the undue prejudice inherent to the evidence in question.

## APPELLANT'S
## SOLE POINT OF ERROR

In his sole point of error the appellant asserts that the trial Court erred in admitting evidence of the appellant's prior criminal conviction in violation of Rule 609(a) of the Texas Rules of Evidence.

## SUMMARY OF APPLICABLE FACTS

As noted above, the appellant was tried by a jury for the misdemeanor offense of Driving While Intoxicated. Following the close of the prosecution's case the appellant testified on his own behalf. The gist of the evidence presented by the appellant was that he was not intoxicated at the time of the two-car collision that resulted in his arrest by members of law-enforcement officers in Victoria on the morning of September 29, 2013. (R.R.5-20 thru 40) Following the conclusion of the appellant's direct examination the appellant was passed for purposes of cross-examination. (R.R.5-41) The initial inquiry posed by the prosecution to the appellant was whether the appellant was a convicted felon. The appellant replied that he was not. At that point the trial Court excused the jury to resolve the issue of the admissibility of what the State sought to demonstrate regarding a prior judgment against the appellant. (R.R.5-42) What occurred thereafter, was an extensive colloquy between the parties and the trial Court that revolved the issue of what precisely the appellant had previously been convicted of, and whether or not that prior conviction was admissible as

6

impeachment evidence against the appellant. (R.R.5-45 thru 55)  The discussion revolved around the question of whether a prior conviction out of Harris County had in fact been a felony conviction as opposed to a misdemeanor.  The Court reasoned that the conviction in question was in fact a felony conviction with a misdemeanor punishment as provided by *Sect. 12.44(a), Tex. Penal Code Ann. (West 2014).*[1]  (R.R.5-47) At that point the appellant objected to the admission of any evidence tending to show that the appellant had been convicted of a felony level drug possession case on the grounds, among other things, that to do so would violate *Rule 609, Tex. R. Evid.* (R.R.5-52, 53, 54) The appellant's objection was overruled and the prosecution was allowed to demonstrate before the jury that the appellant had previously been convicted of the felony offense of possession of methadone less than one gram on November 3, 2008. (R.R.5-56, 57)

ARGUMENT AND AUTHORITIES

The appellant asserts in his sole point of error that the trial Court erred in allowing the prosecution to impeach the appellant with evidence of his 2008 possession of methadone conviction because the probative value of that evidence was outweighed by the danger of unfair prejudice to the appellant.

---

[1] A court may punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor….

STANDARD OF REVIEW

In reviewing the propriety of a trial Court's ruling on the admissibility of evidence a reviewing court is required to employ the abuse of discretion analysis. *Martinez v. State, 327 S.W.3d 727 (Tex. Crim. App. 2010)* A decision regarding the admission of evidence amounts to an abuse of discretion when it is so incorrect as to be outside the zone of reasonable disagreement. *Taylor v. State, 268 S.W.3d 571 (Tex. Crim. App. 2008)*

RULE 609(A)

The evidentiary rule in question is Rule 609(a) of the Texas Rules of Evidence, which provides in part that a witness can be impeached with evidence of a prior felony conviction. However there exists a limitation on the admissibility of such evidence contained within the language of the rule itself. In order for a witness to be impeached with evidence of a prior felony conviction the proponent of the evidence (in this case the State of Texas) must demonstrate that the probative value of the prior conviction outweighs its prejudicial effect. *Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992)* In determining whether the probative value of the evidence outweighs the potential for undue prejudice the trial court must engage in a "balancing test" utilizing the following four factors: 1) impeachment value, 2) temporal proximity to the offense in question, 3) similarity between the charged offense and the prior offense, and 4) the importance of the testimony of the witness and the credibility of that witness. *Theus v. State, supra.* The trial court engaged in no such balancing test.

8

Moreover the State made no effort to present any theory as to why the employment of a *Theus* balancing test would demonstrate that the use of the conviction in question would comply with the dictates of *Theus* and *Rule 609(a)*.

The State, as the proponent of the evidence, failed to demonstrate that the probative value of the evidence in dispute outweighed the potential for undue prejudice. Consequently the trial Court erred in allowing for the admission of the evidence. *Theus v. State, supra; Hernandez v. State, 976 S.W.3d 753 (Tex. App. –Houston [1ˢᵗ Dist.], 1998, pet. ref'd); Hankins v. State, 180 S.W.3d 177 (Tex. App.-Austin, 2005, pet. ref'd).*

The erroneous admission of the evidence in question amounted to an abuse of discretion on the part of the trial Court and requires a reversal of the conviction and a remand of the cause for a new trial.

CONCLUSION AND PRAYER

Wherefore premises considered the appellant, Ruben Andres Baldez, would respectfully request that this Court reverse the judgment of the trial Court and remand the cause for a new trial.

Respectfully submitted,

____/S/Edward F. Shaughnessy, III___

Edward F. Shaughnessy, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com
Attorney for the appellant

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III, attorney for the appellant hereby certify that a true and correct copy of the instant brief was delivered to Stephen B. Tyler, District Attorney, 205 N. Bridge Street No. 301, Victoria Texas, 77901, counsel for the appellee, by use of the United States Postal Service on the _14__ day of January, 2015.

_____/S/*Edward F. Shaughnessy, III*____

Edward F. Shaughnessy, III

CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III hereby certify that the instant brief contains 1522 words.

_____/S/*Edward F. Shaughnessy, III*_____
Edward F. Shaughnessy, III
Attorney for the appellant