# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00123-CR

---

**Jonathan Ruiz Oviedo, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 22-0674-K368, THE HONORABLE SARAH SOELDNER BRUCHMILLER,
JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jonathan Ruiz Oviedo challenges his conviction for theft of property valued at $2,500 to $30,000, enhanced, and sentence of eight years imprisonment. *See* Tex. Penal Code § 12.34(a); 31.03(a), (e)(4)(A), (f)(3)(A). He contends that the trial court erroneously excluded evidence of the complainant's criminal record. He also points out a clerical error in the judgment of conviction. We modify the judgment to correct the clerical error and because his evidentiary issue is not preserved for review, we affirm the trial court's judgment as modified.

### BACKGROUND

Appellant was indicted for third-degree felony theft of property from an elderly person in the amount of $2,500 to $30,000 including "furniture, jewelry, decorations, electronic equipment, religious items, household items, hearing aids, and art."

Prior to opening statements, the State filed a motion in limine requesting the defense to first approach the bench before mentioning the criminal history of the complainant. Defense counsel objected. After a hearing, the trial court granted the State's motion in limine "finding that the convictions are too remote and that the probative value is not substantially outweighed by its prejudicial effect." The topic of the complainant's criminal history was not raised again.

At trial the complainant's daughter testified that she had been assisting her mother, who was in her early 80's, on a fixed income, and very hard-of-hearing even with the assistance of hearing aids—in trying to get her possessions back from the appellant. The complainant had paid the appellant $600 to move the contents of her apartment into storage and store it for two months while she searched for another place to live. Once the complainant found another apartment, about three months later, her daughter attempted to contact the appellant to arrange for the items to be returned. She found out that the move was not through the moving company that appellant had worked for at the time, that it was "off the books," and that the items had been moved from Cedar Park to Dallas and were being stored in a private residence rather than a storage facility. After being unsuccessful in her attempts to arrange the return of the items, and at the suggestion of the moving company, the daughter contacted the police who also unsuccessfully attempted to arrange return of the items. The daughter testified that she created a list based on her mother's recollections of everything that was missing and the value of the property. She testified that the items were worth well over $2,500.

The complainant and the investigating officer also testified. Appellant testified in his own defense. After hearing all the evidence, the jury found appellant guilty as charged and assessed punishment at eight years' imprisonment.

2

**EVIDENTIARY ISSUE**

In his first issue, appellant contends that "the alleged victim's criminal record for theft should have been admitted in some form." Although not raised in the State's brief, our review of the record reveals that this issue is not preserved. *See Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014) (explaining that "preservation of error is a systemic requirement on appeal" and that "a court of appeals should review preservation of error regardless of whether the issue was raised by the parties").

Here, the State sought to exclude the victim's prior criminal history in a motion in limine. The trial court, in a pre-trial hearing, granted the State's request. To preserve error regarding the subject of a motion in limine, an objection must be made at the time the subject is raised during trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). However, the topic of the complainant's criminal history was not brought up again. Additionally, "[w]hen a motion in limine is granted, an offer of the evidence which was the subject of the motion must be made at trial to preserve a claim of improper exclusion." *Contreras v. State*, 915 S.W.2d 510, 516 (Tex. App.—El Paso 1995, pet. ref'd) (citing *Fuller v. State*, 827 S.W.2d 919, 929, n.10 (Tex. Crim. App. 1992)). However, no such offer of evidence by the Appellant was made at trial. The proponent of the criminal history evidence—here appellant—bears the burden of showing the probative value of that evidence. *See Hankins v. State*, 180 S.W.3d 177, 181 (Tex. App.—Austin 2005, pet. ref'd). Here, there was no such showing.

Because the ruling regarding the complainant's criminal history evidence was on a motion in limine and no offer of proof or objection was made during trial, we conclude that this issue is not preserved for our review. *See Fuller*, 253 S.W.3d at 232.

## MODIFICATION OF THE JUDGMENT

In his second issue, appellant contends that the trial court's judgment contains an error and requests that we modify the judgment to correct it. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (explaining that "[a]ppellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record"). The judgment's "Statute for Offense" section recites "31.03(f) Penal Code" as the statute providing for the offense of theft of property $2,500-$30,000 enhanced. The "Statute for Offense" section of judgments should recite the statutory references that define the elements of the offense that the defendant committed. *Jones v. State*, 691 S.W.3d 231, 246–47 (Tex. App.—Austin 2024, pet. ref'd). The elements of the theft offense that appellant was convicted of are contained within Texas Penal Code Section 31.03(a), (e)(4)(A), (f)(3)(A). *See Adaji v. State*, No. 14-24-00645-CR, __S.W.3d__, 2025 WL 2044630, at *11 (Tex. App.—Houston [14th Dist.] July 22, 2025, no pet. h.) (modifying blank statute for offense section in theft case to specify "Tex. Penal Code § 31.03(a), (e)(4)(A)"). Thus, we modify the judgment to reflect that the "Statute for Offense" is "31.03(a), (e)(4)(A), (f)(3)(A) Penal Code."

## CONCLUSION

Having modified the judgment to reflect that the "Statute for Offense" is "31.03(a), (e)(4)(A), (f)(3)(A) Penal Code," we affirm the judgment as modified.

_____

Darlene Byrne, Chief Justice

4

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed as Modified

Filed:   August 21, 2025

Do Not Publish