Opinion filed August 21, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00229-CR

_____

## ANGELA K. JONES-JACKSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-37,956**

### O P I N I O N

Angela K. Jones-Jackson appeals her jury conviction of robbery. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). The jury assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years and a $5,000 fine. In two issues on appeal, Appellant argues that the trial court abused its discretion when it excluded the victim's prior criminal convictions that were more than ten years old. We affirm.

### Background Facts

The indictment alleged that, while in the course of committing theft of property and with the intent to obtain or maintain control of said property,

Appellant intentionally, knowingly, or recklessly caused bodily injury to the alleged victim by pulling her hair, throwing her to the ground, and kicking her in the head, face, and neck. The victim testified that, on May 22, 2010, she was eating breakfast at the restaurant where she worked, Pojo's in Odessa, Texas, when a coworker asked her if she would drive Appellant home because Appellant was intoxicated and causing a commotion. The victim then offered to drive Appellant and her female companion home, and the women accepted her offer.

As the victim was driving to Appellant's house, Appellant took her cell phone and refused to give it back. After the women arrived at Appellant's house, Appellant apologized to the victim, exited the vehicle, opened the driver's side door, and made a gesture toward the victim that the victim believed was an attempt to hug her. That was not the case, however, because Appellant grabbed the back of the victim's hair, pulled her out of the car, and proceeded to kick, punch, and hit her. In the midst of the commotion, the victim's purse fell to the ground. Appellant ordered her friend to take the purse inside the house. The victim testified that she never recovered her cell phone or purse.

The trial court ruled prior to trial that all convictions over ten years old were inadmissible for the purpose of impeachment. Pursuant to the pretrial ruling, the victim admitted on direct examination that she had been convicted of the felony offense of possession of methamphetamine and the felony offense of bail jumping in 2003. The victim stated that she was originally sentenced to probation in both cases but that her probation was later revoked and she was forced to serve prison time. Appellant subsequently asked the trial court to allow full disclosure of the victim's criminal history, but the trial court overruled Appellant's request and confirmed its prior ruling.

Appellant testified during the guilt/innocence phase of trial. She testified that the victim drove her and a friend home from Pojo's on May 22, 2010.

2

Appellant claimed that the victim provoked a fight with her. Appellant admitted that she grabbed the victim by the head and punched the victim with her fist, but she denied taking the victim's phone or purse.

*Analysis*

Both of Appellant's issues concern the admissibility of the victim's previous felony drug convictions. The admission of evidence is within the discretion of the trial court, and the trial court's ruling on admissibility will not be reversed absent an abuse of discretion. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). A trial court abuses its discretion only when its decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Even if the trial court gave the wrong reason for its decision, the decision will be upheld as long as it is correct on some theory of law applicable to the case. *Osbourn*, 92 S.W.3d at 538.

In her first issue, Appellant contends that the trial court abused its discretion when it excluded the victim's felony drug convictions that were over ten years old. These convictions included: a 1984 conviction for possession of marihuana with attempt to distribute, a 1984 conviction for possession of cocaine, a 1984 conviction for possession of amphetamine, a 1984 conviction for possession of heroin with attempt to traffic, a 1992 conviction for possession of a controlled substance, and a 2002 conviction for possession of a controlled substance. As noted previously, the trial court permitted evidence of the victim's two felony convictions that occurred less than ten years prior to trial.

Evidence of past crimes may be used to attack the credibility of a witness under TEX. R. EVID. 609. Rule 609(a) provides that the credibility of a witness may be attacked by admitting evidence that the witness has been previously convicted of a felony or a crime of moral turpitude if the trial court determines that the probative value of admitting the evidence outweighs its prejudicial effect.

3

Rule 609(b) limits Rule 609(a) by providing that evidence of a prior conviction is inadmissible if more than ten years have elapsed since the later of the date of conviction or of release from confinement "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." TEX. R. EVID. 609(b).

Appellant argues that the older convictions were admissible under the "tacking" doctrine. Under this doctrine, a conviction that is more than ten years old may be "tacked" onto a subsequent conviction for remoteness purposes, which then alters the legal standard governing its admission. *See Jackson v. State*, 50 S.W.3d 579, 591–92 (Tex. App.—Fort Worth 2001, pet. ref'd); *Rodriguez v. State*, 31 S.W.3d 359, 363 (Tex. App.—San Antonio 2000, pet. ref'd); *Hernandez v. State*, 976 S.W.2d 753, 755–56 (Tex. App.—Houston [1st Dist.]), *pet. ref'd*, 980 S.W.2d 652 (Tex. Crim. App. 1998). Under this approach, if a subsequent conviction indicates a lack of reformation, then the conviction that is more than ten years old may be analyzed under Rule 609(a)'s "outweighs" standard rather than Rule 609(b)'s "substantially outweighs" standard. *See Jackson*, 50 S.W.3d at 591–92; *Rodriguez*, 31 S.W.3d at 363; *Hernandez*, 976 S.W.2d at 755–56.

The State argues that the tacking doctrine no longer exists under the holding in *Hankins v. State*, 180 S.W.3d 177, 180 (Tex. App.—Austin 2005, pet. ref'd). *See Leyba v. State*, 416 S.W.3d 563, 566–69 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). As noted by the court in *Leyba*, the Austin Court of Appeals determined in *Hankins* that the tacking doctrine was a common-law exception that was abrogated by the adoption of Rule 609. 416 S.W.3d at 568. In reliance upon *Hankins*, the Fourteenth Court of Appeals held in *Leyba* that the more rigorous "*substantially* outweighs" standard set out in Rule 609(b) applies exclusively in

4

determining the admissibility of convictions that are more than ten years old. *Id.* at 569.

The analysis in *Leyba* reflects a conflict among the courts of appeals regarding the continued viability of the tacking doctrine to permit the admission of remote convictions under the less stringent standards of Rule 609(a). In the absence of controlling authority from the Texas Court of Criminal Appeals after the adoption of Rule 609, we conclude that the holdings in *Leyba* and *Hankins* reflect the correct view. Accordingly, we agree with the State that the tacking doctrine no longer applies and that the "substantially outweighs" standard set out in Rule 609(b) is the exclusive standard for determining the admissibility of the victim's remote convictions.

In *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992), the Court of Criminal Appeals set out a nonexclusive list of factors courts should use when applying Rule 609(a) to weigh the probative value of a conviction against its prejudicial effect. Such factors include: (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent criminal history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility. 845 S.W.2d at 880. While not controlling under the more stringent Rule 609(b) analysis, these factors are instructive to our review of the trial court's ruling.

The impeachment value of crimes involving deception is higher than for crimes not involving deception. *See Hankins*, 180 S.W.3d at 181. Determining whether or not a drug crime constituted a crime of deception typically depends on the facts and circumstances of the offense. *Id.* at 181 n.2. Because no specific facts and circumstances of the victim's remote convictions are available in the record, we assume that the prior drug offenses were not crimes of deception. *Id.*

5

Additionally, most of the previous convictions were over twenty-five years old, and an intervening gap of approximately twenty years occurred between the four earliest convictions and the three latest convictions. Moreover, the jury was apprised of the victim's drug conviction from 2003. Thus, the information that Appellant sought to introduce pertaining to the victim's remote drug convictions was cumulative of information presented to the jury. While the credibility of the victim was obviously an important factor in the jury's consideration of the evidence, we conclude that the trial court did not abuse its discretion when it determined that the probative value of the victim's remote drug convictions did not substantially outweigh their prejudicial effect.

Even under the less stringent Rule 609(a) standard, we conclude that the trial court did not abuse its discretion in excluding the victim's remote drug convictions. In reviewing the trial court's ruling on the admissibility of a prior conviction, "we must accord the trial court 'wide discretion.'" *Theus*, 845 S.W.2d at 881 (quoting *United States v. Oaxaca*, 569 F.2d 518, 526 (9th Cir. 1978)). Weighing all the relevant *Theus* factors, we hold that the trial court acted within its discretion by excluding the victim's remote felony drug convictions. Accordingly, we overrule Appellant's first issue.

In her second issue, Appellant contends that the trial court should have admitted the victim's remote drug convictions because the State "opened the door" to their admissibility. Appellant premises this issue on the following exchange between the prosecutor and the victim during direct examination:

Q. Have you - - I want to ask you a little bit about your prior history.

A. Yes, sir.

Q. Have you been in trouble with the law before?

6

A. Yes, I have.

Q. Have you had some criminal convictions?

A. Yes, I have.

Q. Were you convicted in 2003 - - or, I'm sorry, placed on probation in 2003 for two felony offenses for possession of methamphetamine and bail jumping?

A. Yes, I was.

Q. And did you - - were you on probation for about six years until 2009, and then your, probation was revoked?

A. Yes.

Q. And did you end up going to prison and doing time for that?

A. Yes, I did.

Q. How much time did you do in prison?

A. I accepted a three year sentence. I made my parole, I completed my parole and still doing good day.

Q. Okay. Are those mistakes that you made in your past?

A. Yes.

Q. And did you pay your debt to society for making those mistakes?

A. Yes, sir, I have.

Appellant contends that the questioning left a false impression that the victim had only been convicted of two felonies.

Otherwise inadmissible prior convictions can be admitted when a witness, during direct examination, leaves a false impression as to her prior arrests,

7

convictions, charges, or incidents with the police. *Prescott v. State*, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988). Where such a false impression is given to the jury, the opposing party is entitled to elicit testimony from the witness that will correct the false impression. *Id.* We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *See Theus*, 845 S.W.2d at 881.

Appellant contends that the dialogue quoted above left the false impression that the victim had only been convicted of the two felonies referenced by the State. We disagree. The prosecutor asked the victim narrowly tailored questions about the admissible convictions, and she answered those questions truthfully. Neither the prosecutor's questioning nor the victim's answers conveyed that the two convictions were the only offenses committed by the victim because they did not speak to offenses committed prior to 2003. Accordingly, the trial court did not abuse its discretion in overruling Appellant's contention that the State had opened the door to making the victim's remote drug convictions admissible. We overrule Appellant's second issue.

Finally, even if we were to find that the trial court erred when it excluded the victim's remote convictions under any theory advanced by Appellant, the error would have been harmless. An erroneous evidentiary ruling is nonconstitutional error. *See Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007). Nonconstitutional error requires reversal only if it affects the substantial rights of the accused. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). We will not overturn a criminal conviction for nonconstitutional error if, after examining the record as a whole, we have fair assurance the error did not influence the jury, or influenced the jury only slightly. *Barshaw*, 342 S.W.3d at 93. Given the fact that the jury was aware that the victim had a previous conviction for a drug offense, the impact on the jury of additional drug convictions would have been very slight.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE


August 21, 2014

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.