IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00412-CR

 

Jimmy Lee Honea,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 30117

 



MEMORANDUM  Opinion










 

          This appeal was abated on September 20,
2006.  Appellant, Jimmy Lee Honea, has now filed a “Motion to Dismiss Appeal.” 
Honea personally signed the motion.  See Tex. R. App. P. 42.2(a).

          We have not issued an opinion in this
case and the Clerk has sent a duplicate copy of the motion to the trial court
clerk.  See id.

          The appeal is reinstated and
dismissed.  See id.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
reinstated and dismissed

Opinion
delivered and filed October 18, 2006

[CRPM]






From the 176th District Court
Harris County, Texas
Trial Court # 631,579
                                                                                                    

O P I N I O N
                                                                                                    

      The jury assessed Russell Butler twenty years in prison after convicting him of indecency with
a child, his six-year-old son, Christopher. We rule on only three of his five points because they
are dispositive of this appeal. The judgment will be reversed and the cause remanded. 
SUFFICIENCY
      Butler contends in point five that the evidence is insufficient to support his conviction. 
Evidence is sufficient if, after viewing it in the light most favorable to the conviction, a rational
fact-finder could have found beyond a reasonable doubt all of the essential elements of the offense
charged. See Reeves v. State, 806 S.W.2d 540, 543 (Tex. Crim. App. 1990).
      The State charged in separate counts that Butler committed indecency with a child (1) by
knowingly exposing his genitals to his son or (2) through sexual contact by having his son touch
his (Butler's) genitals. See Tex. Penal Code Ann. § 21.11(a)(1), (2) (Vernon 1989). 
Christopher testified that his father forced him to watch while he apparently masturbated or
fondled himself. He denied, however, that he ever touched his father's genitals. Nevertheless,
in the videotape played for the jury, Christopher admitted that during the sexual occurrence his
father's penis had touched him on the head.
      Butler contends that inconsistencies between Christopher's videotaped statement to police and
his testimony in court renders the evidence insufficient by creating a reasonable doubt of his guilt. 
Any inconsistencies in the child's testimony were for the jury to resolve. See Losada v. State, 721
S.W.2d 305, 309 (Tex. Crim. App. 1986). Christopher's testimony and the evidence is clearly
sufficient for the jury to rationally find beyond a reasonable doubt all of the essential elements of
indecency with a child by exposure and by touching. Point five is overruled.
IMPEACHMENT BY PRIOR CONVICTION
      Butler took the stand to deny the offense. At the close of the State's cross-examination, he
answered, "Yes, I have," when the prosecutor asked, "Have you ever been convicted of a felony
or a crime of moral turpitude in the last 10 years?"
      Out of the jury's presence the prosecutor told the court that Butler had been convicted of
deviate sexual intercourse with a twelve-year-old girl on November 13, 1980, for which he
received a two-year prison sentence. Furthermore, according to the prosecutor, two young girls
would also testify that in 1988 Butler had deviate sexual intercourse with them when they were
seven and eleven. When asked by the court to explain why the probative value of the 1980
conviction substantially outweighed its prejudicial effect, the prosecutor stated: "I think all of them
are consistent with the complainant, basically deviate sexual intercourse. He's not the kind of sex
abuser who's going to do intercourse, or penetration, or anything like that."
      Defense counsel pointed out that Butler had answered incorrectly when asked whether he had
been convicted of a felony within the last ten years, to which the court responded:
And, I guess the feeling that I have is if he were charged with anything but indecency with
a child, then it might not be admissible. But since we're talking about indecency with a child,
prior conviction for sexual abuse of a child, then the Court feels that there is probative value
that substantially outweighs the prejudicial effect [of the 1980 conviction]. The Court will
allow the question to be asked and answered.
When the jury returned, the following occurred:
      Q.  (BY THE STATE) I think the question was: What was the offense that you had been
convicted of?
      A.  No, it wasn't the question. The question was asked have I been convicted of a crime in
the past 10 years, and I gave the wrong answer.
. . .
THE COURT: Just ask the question.
      Q.  (BY THE STATE) I believe the last question was -- you said that you had been convicted
of a felony, so the question is what crime of moral turpitude? And so the question was
. . . : What was it?
      A.  Within the past 10 years, no, I have not been convicted of a crime of moral turpitude
within the last 10 years.
[At this point the court once again retired the jury and instructed Butler to answer the question
without attempting to explain that he had mistakenly answered the original question. After the
jury returned, the following occurred:]
      Q.  (BY THE STATE) What had you been convicted of?
[DEFENSE COUNSEL]: Your Honor, I object.
            THE COURT: Objection overruled.
      Q.  (BY THE STATE) What had you been convicted of?
      A.  Sexual abuse of a child.
      Q.  When was that?
      A.  In 1980.
      Butler's first point is that the court erred when it allowed the State to impeach his credibility
with a prior conviction that was too remote to be admissible under Rule 609. See Tex. R. Crim.
Evid. 609. Essentially, he contends the probative value of the prior conviction did not
substantially outweigh its prejudicial effect. 
      A prior conviction is presumptively inadmissible for impeachment if more than ten years has
elapsed since the date of conviction or of the witness' release from the confinement imposed for
the prior conviction, whichever is later. Id. 609(b). More than ten years had elapsed between
Butler's prior conviction (November 13, 1980) and his current trial (June 28-29, 1993). The State
argues, however, that the record does not establish that the prior conviction was too remote under
Rule 609(b) because Butler failed to show when he was released from confinement under the prior
offense. We reject this contention because it misplaces the burden of proof. See Theus v. State,
845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (holding that burden of proof is on party urging
admission of prior conviction for impeachment). The State indeed failed to establish that Butler
had been released from confinement for the prior offense within ten years prior to his current trial. 
Accordingly, it failed to establish that the prior conviction did not come with the provisions of
Rule 609(b).
      Even a conviction deemed to be too remote under Rule 609(b) can be admitted for
impeachment if the court determines, in the interest of justice, that its probative value substantially
outweighs its prejudicial effect. See Tex. R. Crim. Evid. 609(b). Some of the factors to be
considered in balancing probative value with prejudice include: (1) impeachment value of the prior
crime; (2) temporal proximity of the prior crime to the charged offense and the witness'
subsequent criminal history; (3) similarity between the prior crime and the offense being
prosecuted; (4) importance of the defendant's testimony; and (5) importance of the credibility
issue. Theus, 845 S.W.2d at 880.
      Here, the first factor—impeachment value of the prior crime—weighs against admission in this
case. See id. at 881 (crimes involving deception have greater impact on credibility than crimes
of violence). Butler's prior offense for sexual abuse of a child is not a crime of deception. 
Second, the closer in time the prior conviction is to the offense charged, when considered with the
witness' subsequent criminal history, the greater is its probative value for impeachment. See id. 
Butler's prior conviction not only occurred more than ten years prior to his trial but, as noted
above, is presumed to be too remote to be admissible. Although the prosecutor told the court that
two other children would testify that Butler had sexually abused them in 1988, the record contains
no such evidence. Again, the State had the burden of proving that Butler's subsequent criminal
history made the otherwise too-remote conviction admissible under Rule 609(b). 
      Moreover, the similarity between Butler's prior crime and the offense charged—both
involving sexual contact with children—weighs heavily against admitting the prior conviction. See
id. (holding that admission of prior crime similar to the one charged increases likelihood that jury
will convict based on past pattern of behavior rather than on facts of charged offense).
      Butler's defense was essentially that the offense never occurred and that Christopher had been
coached and encouraged by his mother (Butler's ex-wife) to make false accusations against him. 
Kelley Fromme, Butler's girlfriend who Christopher said also participated in the indecency,
likewise denied that any improper acts occurred. This presented the jury with a basic conflict to
resolve, and under the circumstances Butler's credibility and the value of his testimony took on
increased importance. See id. (holding that the need to impeach credibility correspondingly
increases as the importance of the witness' credibility and testimony escalates). The last two
factors, then, militate in favor of admitting evidence of Butler's prior crime.
      Applying the factors to the facts presented leads to the inescapable conclusion that the
probative value of the prior offense does not substantially outweigh the prejudice inflicted by its
admission. The prior offense was not a crime of deception; remoteness detracts from its serving
as an accurate gauge of continuing criminal behavior; likewise, there is no evidence of intervening
criminal activity. All of these factors weigh against admitting the prior conviction.
      Perhaps the factor that militates most against admitting the prior conviction for impeachment
and, in fact, ultimately tips the scale toward prejudice is the similarity of the two offenses, with
the attendant danger that the jury would likely convict Butler based on a perception that he is
continuing a pattern of criminal conduct, rather than deciding his guilt or innocence on the facts
of the charged offense.
      Although two of the five factors favor admission—i.e., the State had a greater need to impeach
Butler's credibility because of the importance of his testimony, they fail to tip the scale back to
a point where we could reasonably conclude that the court acted within the "zone of reasonable
disagreement." See id. Under the circumstances, the court clearly abused its discretion when it
admitted the prior conviction for the purpose of impeaching Butler's credibility.
HARM ANALYSIS
      Can we determine beyond a reasonable doubt that the erroneous admission of the prior
conviction for sexual abuse of a child did not contribute to Butler's conviction or punishment for
a similar offense? See Tex. R. App. P. 81(b)(2). The State contends that whatever prejudice
flowed from the prior conviction was dissipated by the court's subsequent withdrawal of Butler's
testimony from the jury's consideration and by repeated instructions that the jury should disregard
his testimony for all purposes.
      Understanding this particular contention by the State requires a recounting of a rather bizarre
occurrence in the trial. After both sides rested their cases on guilt-innocence, and in a hearing out
of the jury's presence just before the charge was read to the jury, Butler's counsel questioned
whether his client had been sworn prior to testifying. Defense counsel could not recall Butler
being sworn, nor could Butler. Accordingly, the court administered the oath to Butler and
inquired whether his testimony would be the same as that previously given unsworn. Butler
replied that he would not have answered affirmatively if he were asked whether he had been
convicted of a felony or a crime involving moral turpitude within the past ten years. Moreover,
Butler refused to testify again. Faced with this dilemma, the court informed counsel that he would
instruct the jury in the charge that it must disregard Butler's testimony.


 Butler then moved for
a mistrial on the ground that no curative instruction could remove the harm resulting from the
introduction of the prior conviction for sexual abuse, but the motion was denied.



      The court then admonished the jury from the bench as follows:
A situation has arisen . . . in which a witness was not sworn in before [he] testified. Under
that situation, if that witness does not wish to testify again, then the Court cannot make that
witness testify again. And so if the witness who was not sworn may have been the defendant,
Mr. Butler, since he was not sworn, then you are instructed you are not to consider his
testimony for any purpose whatsoever.
It's as if he did not testify. I cannot emphasize that instruction enough. I'm emphasizing
it very strongly that you are not to consider that testimony that you have heard because it is
now -- you're going to receive an instruction that the defendant does not have to testify and
if he does not testify, then you are not to consider that decision for any purpose whatsoever. 
Furthermore, the court instructed the jury in the charge that Butler had elected not to testify and
that the jury could not hold that fact against him or refer to, allude to, or consider his refusal to
testify for any purpose during its deliberations.
      Once the jury heard that Butler had been previously convicted of sexually assaulting a child
in 1980, we cannot say beyond a reasonable doubt that the erroneous admission of that fact did
not contribute to his conviction or punishment for a similar offense involving his son. We are led
to this conclusion by common sense. Asking jurors to forget that Butler is a convicted child
molester simply asks too much of fallible human beings. Some occurrences cannot be forgotten,
notwithstanding the court's admonishments to the contrary. This is one of those situations, or at
least we cannot say beyond a reasonable doubt that it is not.
      We sustain point one. We also sustain point two based on the denial of a mistrial. Butler's
remaining two points are not reached. The judgment is reversed and the cause remanded for a
new trial.
 
                                                                               BOB L. THOMAS
                                                                               Chief Justice
Before Chief Justice Thomas, 
      Justice Cummings, and
      Justice Vance
Reversed and remanded
Opinion delivered and filed January 9, 1995
Publish