ACCEPTED
01-13-00416-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 9:12:55 AM
CHRISTOPHER PRINE
CLERK

No: 01-13-00415-CR
No: 01-13-00416-CR
No: 01-13-00417-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/21/2015 9:12:55 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE TEXAS COURT OF APPEALS

### FIRST JUDICIAL DISTRICT

### HOUSTON, TEXAS

---

**JAVIER NOEL CAMPOS**
Defendant - Appellant

**VS.**

**THE STATE OF TEXAS**
Plaintiff - Appellee

## APPELLANT'S BRIEFS ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

Appealed from the 184TH District Court
Harris County, Texas

Trial Court Cause Numbers:

1308988
1328806
1328807

---

WAYNE T. HILL
Texas Bar No: 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027
Tel: (713) 623-8312  Fax: (713) 626-0182
wthlaw@aol.com

---

Oral argument is not requested

# IDENTITY OF PARTIES AND COUNSEL

<u>Presiding Judge at Trial</u>
Honorable Jan Krocker
184th Judicial District Court
1201 Franklin
Houston, Texas 77002

<u>Attorneys for State</u>

At trial:
Gregg Houlton
Tiffany Johnson
Assistant District Attorneys
1201 Fannin
Houston, Texas 77002

On Appeal:
Eric Kugler
Clinton A. Morgan
Assistant District Attorneys
1201 Franklin
Houston, Texas 77002

<u>Attorney for Appellant</u>

At trial:
Diana Olvera
Danilo Lacayo
Public Defender's Office
1201 Franklin, 13th Floor
Houston, Texas 77002

On appeal:
Wayne T. Hill
4615 Southwest Freeway, Suite 600
Houston, Texas 77027

<u>The Appellant</u>
Javier Noel Campos

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     ii

TABLE OF CONTENTS     iii

INDEX OF AUTHORITIES     iv

ISSUE BEFORE THE COURT ON REMAND     v

SUMMARY OF ARGUMENT     v

STATEMENT OF THE CASES     1

PROCEDURAL HISTORY OF THE CASES     1

STATEMENT REGARDING ORAL ARGUMENT     2

STATEMENT OF FACTS RELATING TO REMAND     2

ARGUMENT AND AUTHORITIES     3

PRAYER FOR RELIEF     10

CERTIFICATE OF WORD COUNT COMPLIANCE     11

CERTIFICATE OF SERVICE     11

# INDEX OF AUTHORITIES

## STATUTES

| | |
|---|---|
| Texas Rules of Evidence - 404(b) | 10 |
| Texas Rules of Evidence - 609(b) | 3,4,5,7,8,10 |
| Texas Rules of Appellate Procedure - 44.2(a) | 8,10 |
| Texas Rules of Appellate Procedure - 44.2(b) | 8,10 |
| Texas Rules of Appellate Procedure - 81(b) | 9 |
| Federal Rules of Evidence - 609(b) | 8,9 |

## CASE LAW

| | |
|---|---|
| Battles v. State | 6 |
| Brown v. State | 9,10 |
| Butler v. State | 4,6,8,9 |
| Hankins v. State | 4 |
| Hernandez v. State | 4,9 |
| Jones-Jackson v. State | 5 |
| Kotteakos v. U.S. | 9 |
| Leyba v. State | 4 |
| Meadows v. State | 1,4,5,7 |
| Miller v. State | 7 |
| Mireles v. State | 6 |
| Theus v. State | 2,4,5,6,7 |
| U.S. v. Bensimon | 7 |
| U.S. v. Brown | 8 |
| U.S. v. Cathery | 8 |

## ISSUE BEFORE THE COURT ON REMAND

**POINT OF ERROR #9 (on original submission)**

THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO CROSS EXAMINE APPELLANT CONCERNING A CONVICTION WHICH WAS MORE THAN TEN YEARS OLD [Appendix # 1] (R-VI-68-73)

The Texas Court of Criminal Appeals has instructed this Court to consider the admissibility of the challenged remote conviction in Appellant's case in light of the opinion issued by the Court of Criminal Appeals in **Meadows v. State, 455 SW3d 166 (Tex. Crim. App. 2015)**

## SUMMARY OF THE ARGUMENT

Because there has been no showing of compliance with **Rule 609(b) TRE** which prohibits the admission of a prior conviction to impeach a witness if more than ten (10) years has elapsed since the date of conviction or release of the witness from confinement imposed for that conviction unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect, Appellant is entitled to a new trial.

## STATEMENT OF THE CASES

Appellant was tried on three separate indictments. Each indictment alleged the offense of aggravated sexual assault of a child. The same person was named as the complainant in each indictment. Cause No: 1308988 - (CR-I-26). Cause No: 1328806 - (CR-I-10) and Cause No: 1328807 - (CR-I-10) A jury found Appellant guilty in each case and set his punishment at sixty-eight (68) years in the Texas Department of Criminal Justice - Institutional Division. Upon motion of the State, the trial court cumulated Appellant's sentences as follows: The sentence in Cause No: 1308988 to be served first, and that the sentence in Cause No: 1328806 run concurrent with the sentence in Cause No: 1308988, and the sentence in cause No: 1328807 be cumulated; that is, stacked upon the other two sentences, to be served when those two (1308988 & 1328806) are concluded. (R-XI-10)

## PROCEDURAL HISTORY OF THE CASES

Each of the cases noted above were appealed. On January 13, 2015, this Court affirmed Appellant's three convictions. Appellant filed Petitions for Discretionary Review in the Court of Criminal Appeals seeking to have this Court's holding set aside. On July 29, 2015, the Court of Criminal Appeals vacated this Court's judgment and remanded the cases to this Court for reconsideration of Appellant's Point of Error Number 9 (only) in light of **Meadows v. State, 455 SW3d 166 (Tex. Crim. App. 2015).** This Court was instructed to consider the admissibility of the challenged remote conviction in Appellant's case in light of the opinion issued by the Court of Criminal Appeals in **Meadows.**

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is not requesting oral argument in these cases.

## STATEMENT OF FACTS RELATING TO REMAND

The Statement of Facts recited herein will focus only on the issue remanded to this Court by the Court of Criminal Appeals [Point of Error 9 on original submission] regarding the admissibility of the challenged remote conviction during Appellant's appearance as a witness during trial.

Prior to trial, Appellant filed a Motion to Testify Free of Impeachment by Prior Convictions [Appendix 1] - citing: **Theus v. State, 845 SW2d 874 (Tex. Crim. App. 1992)** as authority for that proposition. The motion was filed in response to the State's notice to Appellant that it intended to offer evidence against Appellant concerning several prior convictions (CR-I-112-115), including:

1. June 11, 1992 conviction for felony aggravated assault (2 counts).

2. May 20, 2004 conviction for misdemeanor harboring a runaway child.

3. February 10, 2006 conviction for misdemeanor assault family member.

During the hearing on admissibility of prior convictions, the trial court recited her application of the "tagging" rule in articulating her reasoning for permitting the State to introduce a remote conviction from 1992 which was clearly more than ten (10) years old. (R-VI-71) The trial court's reliance on the "tagging" [actually the"tacking"] rule revealed how the court thought the other challenged misdemeanor convictions made the 1992 felony conviction for two (2) counts of aggravated assault admissible, despite the express

2

prohibition of this type of impeachment under **Rule 609(b)**. The trial court alluded to having performed a balancing test without providing any insight into how the admission of a remote conviction was **"in the interests of justice"** or providing any **specific facts and circumstances** establishing that the **"probative value"** of the remote conviction **substantially outweighed its prejudicial effect.** (Emphasis supplied)

The trial court overruled Appellant's motion and authorized the State to cross examine Appellant (if he testified) about the above-cited prior convictions, including the remote ones from 1992 - involving two (2) counts of aggravated assault.

As set forth in Appellant's Brief on original submission [also see: Appendix # 2], Appellant testified that he did not sexually assault the complainant. (R-VI-96) Additional witnesses testified during the defense presentation.

Appellant was then cross examined by the State regarding his 1992 conviction for two (2) counts of felony aggravated assault. (R-VI-98) The jury found Appellant guilty on all three charges and assessed his punishment at sixty-eight (68) years in prison. (R-XI-10)

## ARGUMENT AND AUTHORITIES

**Rule 609 (b) of the Texas Rules of Evidence** provides that **evidence of a conviction** under this rule **is not admissible if a period of more than ten years has elapsed** since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, which ever is the later date, **unless the court determines, in the interest of justice**, that the **probative value** of the conviction **supported by specific facts and circumstances substantially outweigh its prejudicial effect.** (emphasis supplied)

3

There is no dispute that Appellant's 1992 conviction for two (2) counts of aggravated assault constitutes a remote conviction under **Rule 609(b) of the Texas Rules of Evidence.**

On remand, this Court must look exclusively to the strictures of Rule 609(b), not the multiple factors set out in **Theus v. State, 845 SW2d 874 (Tex. Crim. App. 1992)**. The **Theus** case, which did not involve a remote conviction, interprets **Rule 609(a)**, not **Rule 609(b). Hernandez v. State, 976 SW2d 753 (Tex. App. [Houston, 1st] 1998, pet. ref'd)** Interestingly, in a case where the defense attempted to impeach a prosecution witness with remote convictions claiming they were admissible under the "tacking" doctrine, the State argued in response that the tacking doctrine no longer exists under the holding in **Hankins v. State, 180 SW3d 177 (Tex. App. - Austin 2005, pet. ref'd)**. In **Leyba v. State, 416 SW3d 563 (Tex. App. - Houston [14th Dist.] 2013, pet. ref'd)** the court, in reliance upon **Hankins**, held that the more rigorous "substantially outweighs" standard set out in **Rule 609(b)** applies exclusively in determining admissibility of convictions that are more than ten (10) years old. This is precisely the Court of Criminal Appeals holding in **Meadows**, which governs the disposition of this Point of Error on remand.

As the proponent of evidence of a remote conviction, the State of Texas had the burden to establish (and the trial court had the responsibility to find) that the admission of the remote conviction (which was 21 years old in the instant case) was (1) in the "interests of justice", (2) had "probative value", (3) and that the "probative value" was supported by specific facts and circumstances, (4) showing that the "probative value" substantially outweighed its prejudicial effect, before that evidence should have been admitted. **Butler v. State, 890 SW2d 951 (Tex. App. - Waco 1995, pet. ref'd)**

4

In pressing for its use during cross examination of the Appellant, the prosecutor failed to establish how the admission of a twenty-one (21) year old conviction for two (2) counts of aggravated assault was in the "interests of justice". Likewise, the trial court did not explain how that evidence was admissible under **Rule 609(b)**, instead focusing on the use of the tacking rule to make the 1992 conviction admissible. This analysis is clearly erroneous in light of the holding in **Meadows**. As this Court reviews this issue on remand, Appellant submits that the first two requirements of **Rule 609(b) ["in the interests of justice" and "probative value"]** have not been met. Additionally, the record is devoid of any evidence that the purported "probative value" relied upon by the State [and the court in admitting it] was supported by specific facts and circumstances showing that the purported "probative value" substantially outweighed its prejudicial effect. This result is contrary to the holding in **Meadows** and requires that Appellant be afforded a new trial. There is no valid argument that the admission of the 1992 twenty-one (21) year old conviction for two (2) counts of aggravated assault did not constitute error under **Rule 609(b).**

Even if this Court views (as instructive) the nonexclusive list of factors courts use when applying **Rule 609(a)** to weigh the probative value of a conviction against its prejudicial effect as set forth in **Theus v. State, 845 SW2d 874 (Tex. Crim. App. 1992)** including: (1) impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent criminal history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility, error is still shown requiring reversal and a new trial. **State v. Jones-Jackson, 443 SW3d 400 (Tex. App. -**

5

**Eastland 2014)** The impeachment value of this crime (aggravated assault - two (2) counts) was low given that it did not involve deception. **Mireles v. State, 413 SW3d 98 (Tex. App. - San Antonio 2014, pet. ref'd)** The temporal proximity of the prior conviction [21 years old] provided no probative value for impeachment. **Butler v. State, 890 SW2d 951 (Tex. App. - Waco 1995, pet. ref'd).** The similarity of the past crime (a multi-count aggravated assault) and the offense being prosecuted (also a multi-count aggravated assault offense, albeit an aggravated *sexual* assault of a child) created a danger that the jury convicted Appellant based on a perception of past conduct rather than based on the facts of the charged offense. **Mireles v. State, 413 SW3d 98 (Tex. App. - San Antonio 2013, pet. ref'd); also see: Battles v. State, 2006 WL 1029072, (Tex. App. - Eastland 2006, not designated for publication)** This factor also weighs against admission of the remote conviction. Appellant presented other witnesses, along with his own testimony, in defense of the allegations lodged against him. This made Appellant's role as a witness and his credibility less critical. **Battles.**

Although the trial court noted for the record that a balancing test had been performed regarding "all of these", the record is essentially silent as to her reasoning for admitting the convictions against Appellant. As the court stated in **Theus**: While we refuse to require trial courts to make such findings and conclusions, we feel that engaging in such exercise constitutes the better practice. Therefore, we urge trial courts to enunciate on the record not only whether the probative value of a conviction outweighs its prejudicial effect, but also the rationale behind such a determination. This analysis was not done in the instant case, and Appellant urges this reviewing Court to find that there was no basis for the admission of a twenty-one (21) year old conviction. Probative value is determined by how likely the

6

evidence is to prove some fact, not how important proof of that fact is to the proponent's case. Accordingly, the probative value of the witness's conviction is measured by how well it demonstrates his lack of trustworthiness, not how badly the opposing party wants to impeach him. **U.S. v. Bensimon, 172 F3d 1121 (9th Cir. 1999)**

Whether to admit remote convictions lies within the trial court's discretion. **Theus v. State, 845 SW2d 874 (Tex. Crim. App. 1992)** If the trial court's decision falls outside the "zone of reasonable disagreement" it has abused its discretion. **Theus** and **Miller v. State, 196 SW3d 256 (Tex. App. - Fort Worth 2006, pet. ref'd.)**

The comments below (made by the trial court when ruling on the admissibility of the remote 1992 felony conviction) further reflect that there is no basis, in light of the holding in **Meadows** , upon which this reviewing Court can affirm Appellant's convictions.

When discussing the admissibility of a misdemeanor assault conviction, the trial court commented: " *Well, obviously I think a child would involve moral turpitude. And I think if one kind of victim makes it moral turpitude, another kind of victim does. I don't think that under the law that you can say the victim is willingly involved in moral turpitude. And if it's a man or child it doesn't. I know I've read some of those cases before and I just think that has to be common sense in the law if assaulting a woman is a moral turpitude, you would think that assaulting a minor child is moral turpitude. So your objection is overruled on that one.*" (R-VI-70)

When discussing the admissibility of a conviction for harboring a runaway, the trial court, while reflecting on the application of **Rule 609**, made the following acknowledgment

7

on the record: *"I don't see anything here that specifically mentions harboring a run away. And I understand that's pretty prejudicial, but I think that's very important as to moral -- so I'm going to allow it."* (R-VI-71)

**Rule 609(b)** required the trial court to conduct a different, and more stringent, analysis than the court did when ruling on the admissibility of Appellant's remote (21 year old) conviction. Appellant submits that this reviewing court cannot reasonably conclude that the trial court acted within the "zone of reasonable disagreement". Under the circumstance's, the trial court abused its discretion when it admitted the prior remote convictions for the purpose of impeaching Appellant's credibility. **Butler v. State, 890 SW2d 951 (Tex. App. - Waco 1995, pet. ref'd)**

The Fifth Circuit, in construing **Federal Rule 609(b)**, has stated "the legislative history makes clear that convictions over ten years old will be admitted very rarely and only in exceptional circumstances" **U.S. v. Cathey, 591 F2d 268 (5ᵗʰ Cir. 1979)** The mere fact that the defendant's credibility is in issue - a circumstance that occurs whenever the defendant takes the stand - cannot, by itself, justify admission of evidence of convictions over ten years old. Such a rule would make the ten year limit in **Rule 609(b)** meaningless. **U.S. v. Brown, 603 Fd2 1022 (1ˢᵗ Cir. 1979)**

**Rule 44.2(a) of the Texas Rules of Appellate Procedure** mandates that an appellate court reverse a judgment under review unless the court determines beyond a reasonable doubt that the error made no contribution to the conviction. **Rule 44.2(b) of the Texas Rules of Appellate Procedure** requires reversal only upon a showing that the appellant's

8

substantial rights were affected by the trial court error.

In cases interpreting former **Rule 81(b) of the Texas Rules of Appellate Procedure**, the Courts held that reversal was required unless the court could determine beyond a reasonable doubt that the erroneous admission of the prior conviction did not contribute to the appellant's conviction. **Butler v. State, 890 SW2d 951 (Tex. App. - Waco 1995, pet. ref'd); Brown v. State, 1994 WL 325322 (Tex. App. - El Paso 1994)**

Cases interpreting current **Rule 44.2(b)** review the record to determine whether the error affected one of the appellant's substantial rights. A substantial right is affected when the error had a substantial and injurious affect or influence in determining the jury's verdict. **Hernandez v. State, 976 SW2d 753 (Tex. App. - Houston [1ˢᵗ Dist.] 1998, pet. ref'd)** If one cannot say, with fair assurance, after pondering all that has happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. **Hernandez, citing to: Kotteakos v. U.S. 328 U.S. 750 (1946)** In determining whether the error was harmless, the test is not whether a conviction could have been had without the improperly admitted evidence but, rather, whether there is a reasonable possibility that the evidence might have contributed to the conviction. Thus, if there is a reasonable possibility that inadmissible evidence might have contributed to the conviction, then the error in admission is not harmless error. In applying the test, the main consideration is the probable impact of the evidence on the minds of the average jury. **Battles**.

Appellant submits that the trial court abused its discretion when it allowed the State

9

to cross examine Appellant concerning the remote 1992 felony aggravated assault case, especially since the determination of admission of that crime was interrelated with the trial court's focus on other misdemeanor convictions which the State may not have proven to involve moral turpitude. [assault family member - not a female case, as well as the harboring a runaway case]. The admission of the twenty-one (21) year old conviction for two (2) counts of aggravated assault was used as pure propensity evidence of the kind eschewed in **Rule 404(b) of the Texas Rules of Evidence; Brown v. State, 1994 WL 325322 (Tex. App. - El Paso 1994)** The admission of this evidence allowed the State to produce conformity evidence which did not constitute otherwise probative evidence at the guilt stage of the trial. Appellant submits that whether the court applies **Rule 44.2(a) or 44.2(b) of the Texas Rules of Appellate Procedure**, the result is the same - Appellant should be granted new trials in these matters.

WHEREFORE, PREMISES CONSIDERED, Appellant prays the Court review and reconsider this Point of Error on remand and find that it was error to admit the remote conviction pursuant to **Rule 609(b) of the Rules of Evidence** and further hold that the error was harmful to Appellant. Appellant prays for new trials in each of the cases.

# APPENDIX # 1

 

P4

14|904,904,981|JP
13|983,983,974|JP

CAUSE NO. 1328806, 1328807, & 1308988

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JAVIER NOEL CAMPOS | § | 184th JUDICIAL DISTRICT |

## MOTION TO TESTIFY FREE OF IMPEACHMENT BY PRIOR CONVICTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above entitled and numbered cause, by and through his attorney of record, DIANA OLVERA, and respectfully moves this Honorable Court to allow the Defendant to testify free of impeachment by way of prior convictions; and in support thereof would show the Court as follows:

I.

The three (3) indictments in the instant cases charge the Defendant with the offense of Aggravated Sexual Assault of a Child, on or about July 15, 2005.

II.

**FILED**
Chris Daniel
District Clerk
MAY -3 2013
Time:
Harris County, Texas

The State of Texas has given notice to the Defendant that it may seek to impeach the Defendant with a prior conviction if he testifies in the instant case. Specifically, the State has given notice that the Defendant has been previously convicted of the following offenses:

*Overruled* 1. January 29, 2009, convicted of felony PCS >4g < 200g. 8 up TDC 9K

*granted* 2. February 28, 2006, convicted of misdemeanor (C) Displaying a Fictitious Driver's License. no

*Overruled* 3. February 10, 2006, convicted of misdemeanor Assault Family Member (c/w *yes*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Page 1 of 4

283

not a female).

overruled overruled overruled

4. May 20, 2004, convicted of misdemeanor Harboring a Runaway Child. *yes*

5. June 11, 1992, convicted of felony Aggravated Assault DW, 2 counts. *yes*

6. November 26, 1990, convicted of misdemeanor Trespass. *no*

*def. verified 5 TDC*

## III.

The Defendant requests that he be allowed to testify free from impeachment by prior convictions for the reason that the probative value of admitting evidence of this prior conviction for the purpose of determining his credibility does not outweigh its prejudicial effect on the Defendant under TEX.R.EVID. 403 and 609; and Theus v. State, 845 S.W.2d 874 (Tex.Cr.App. 1992).

## IV.

The Defendant submits that the failure to allow the Defendant to testify free from impeachment by his alleged prior convictions denies the Defendant his right to a fair trial, and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the *United States Constitution*, and Art. I, Sec. 19 of the *Texas Constitution*.

## IV.

The Defendant submits that the failure to allow the Defendant to testify free from impeachment by his alleged prior conviction denies the Defendant his right to a fair trial, and due process and due course of law as guaranteed by the Fifth and Fourteenth Amendments to the *UNITED STATES CONSTITUTION*, and Art. I, Sec. 19 of the *Texas Constitution*.

## V.

Further, without waiving the foregoing requests, the Defendant submits that

should this Honorable Court fail to grant his request to testify free from impeachment by prior convictions, that a fair means of allowing the State to impeach the Defendant without unduly prejudicing the Defendant would be to allow the State to refer to the prior convictions as "prior felony convictions" without specifically citing the offenses for which the Defendant was allegedly convicted.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant this, the Defendant's Motion to Testify Free of Impeachment by Prior Convictions in all things; or in the alternative, that this Court schedule this matter for a hearing prior to trial on the merits and that at such hearing this Motion will be in all things granted.

Respectfully Submitted,

ALEX BUNIN
CHIEF PUBLIC DEFENDER

DIANA OLVERA
SBN: 15278650
Assistant Public Defender
Harris County Public Defender's Office
1201 Franklin, 13th Floor
Houston, TX 77002
Phone: 713-368-0016
Fax: 713-368-9278
Diana.Olvera@pdo.hctx.net

## CERTIFICATE OF SERVICE

I, Diana Olvera, certify that a true and correct copy of the foregoing Motion has been hand delivered to the Assistant District Attorney in charge of this case on this ___ day of ____May____ , 2013.

DIANA OLVERA

CAUSE NO. 1328806, 1328807, & 1308988

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JAVIER NOEL CAMPOS | § | 184th JUDICIAL DISTRICT |

## ORDER TO TESTIFY FREE OF IMPEACHMENT BY PRIOR CONVICTIONS

MAY 0 3 2013

On this _____ day of _____, 2013, came to be heard and having

considered the Defendant's Motion to Testify Free of Impeachment, and the evidence in

support of the motion, and arguments of counsel, the Court hereby rules said Motion is:

_____ GRANTED; And therefore, it is further ORDERED, ADJUDGED AND

DECREED that the State of Texas and its witnesses not mention, refer to, or elicit in any

manner, any evidence that Defendant has been previously convicted. It is further

ORDERED that the attorney for the State instruct his witnesses concerning the terms of

this Order.

_____ DENIED; to which Defendant respectfully accepts.

*See ruling on mot'n to ct. reporter's notes. gk*

SIGNED this 3rd day of May, 2013.

_____
JUDGE PRESIDING

Page 4 of 4

286

# APPENDIX # 2

Appellant testified that he was 40 years old, having been born and raised in Pasadena, Texas. (R-VI-76) After reciting the members of his family, Appellant testified that he went through the Pasadena School system, but did not graduate from high school. Appellant obtained his GED in 1991. (R-VI-78) He testified that he was a licensed journeyman electrician. (R-VI-78) Appellant testified that he had no children of his own. (R-VI-81) He indicated that he met Complainant while living at the Embers Apartments. (R-VI-81) He testified that he moved into the apartments in 2005 and moved with his friend along with his wife and three kids. (R-VI-82) After living with "L" and his family, Appellant moved across the courtyard to "LD" and her kids. (R-VI-82) Appellant stated that he met "LC" (Complainant's mother) by socializing with everyone at the Embers Apartments. (R-VI-84) He described G's husband ("C") as always being "pilled out." (R-VI-84) Appellant remembered meeting the Complainant for the first time when several individuals were playing handball at apartment complex. (R-VI-86) He related that he saw the Complainant trying to help his father up off the ground one time when he was all "pilled out" and that is how he first tried to help the Complainant and his mother. (R-VI-87) "G" ultimately allowed her son to go to L's apartment. (R-VI-88) Appellant testified that when the Complainant would come home from school he would go directly to the apartment that he was living in, along with "L" and her kids. (R-VI-89) He testified about how he would take the kids on fishing trips and play different games with them at the apartment complex. (R-VI-90) When Complainant moved away from the Embers Apartments, Appellant said that he missed him because he was like a little son to him, just like "I" & "K". (R-VI-92) When questioned about any alleged sexual contact with the Complainant, Appellant tearfully denied all such activity. (R-VI-96)The Statement of Facts recited herein will focus only on the issue

Respectfully submitted,

Wayne T. Hill
SBOT: 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027
Tel: 713-623-8312
Fax: 713-626-0182
E-mail: wthlaw@aol.com
Attorney for Javier Noel Campos

## CERTIFICATE OF WORD COUNT

Appellant's brief which contains 2756 words (according to the computer-generated

word count ) is in compliance with Rule 9.4(i)(2)(B) TRAP.

Wayne T. Hill

## CERTIFICATE OF SERVICE

A copy of this Brief will be served on:

Harris County District Attorney's Office
Appellate Division
1201 Franklin, 6th Floor
Houston, Texas 77002.

Lisa C.  McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046

Signed this 21st day of December, 2015.

Wayne T. Hill

11